**STATE OF LOUISIANA ex rel. Ernest HAYES**

v.

**J. Wayne ALLGOOD, Warden, et al.**

**Misc. No. 884.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 1, 1966.

Ernest Hayes, in pro. per.

Teddy W. Airhart, Jr., Asst. Atty. Gen., State of Louisiana, Baton Rouge, La., for respondents.

WEST, District Judge:

Petitioner seeks a writ of habeas corpus releasing him from the Louisiana State Penitentiary at Angola, Louisiana, where he is serving a five-year sentence for narcotic drug addiction. A bill of information filed by the Assistant District Attorney for the Parish of Orleans, State of Louisiana, on April 16, 1957, charged that petitioner "did unlawfully and habitually use a narcotic drug, to-wit: Heroin, to such an extent * * * that [he] did then and there become an addict." On April 15, 1958, petitioner, represented by counsel, pleaded guilty to the charge and was sentenced to serve five years at Louisiana State Penitentiary. However, the Court suspended the execution of the sentence and placed petitioner on probation conditioned upon his voluntarily entering one of the United States Public Health Service hospitals and remaining there until certified by the medical officer in charge as being cured. Thereafter, petitioner entered the United States Public Health Service Hospital at Fort Worth, Texas, where he remained until October, 1958. After his release, he remained at liberty until January 13, 1961, when he was arrested by federal authorities on a charge of selling heroin. Petitioner entered a plea of guilty to this charge, and was again committed to the hospital in Fort Worth, Texas, where he stayed until July 31, 1964. Upon his discharge from the hospital, a United States marshal brought him back to Louisiana where he was placed in the New Orleans Parish Prison. On September 22, 1964, petitioner, represented by counsel, appeared before the Criminal District Court for the Parish of Orleans, Louisiana, at

which time the Court, finding that he had violated the provisions governing the suspension of his 1958 sentence, ordered the suspended sentence imposed on April 15, 1958, recalled and set aside, and further ordered the petitioner to serve a term of five years at Louisiana State Penitentiary.

Prior to the filing of this application for a writ of habeas corpus, petitioner had exhausted all available state court remedies, and, therefore, this matter is properly before this Court.

The only question involved here is whether or not LSA–R.S. 40:962, making it unlawful "to be or become" a drug addict, is cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

Petitioner relies heavily on the case of Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), wherein the United States Supreme Court held that the California statute which made addiction to narcotic drugs a criminal offense, punishable as such, was violative of the Eighth and Fourteenth Amendments to the United States Constitution.

The very same question now before this Court was recently presented to the Louisiana Supreme Court in State of Louisiana, ex rel. Blouin v. Walker, 244 La. 699, 154 So.2d 368 (1963). In the *Blouin* case, the petitioners, all convicted and sentenced for drug addiction, instituted habeas corpus proceedings seeking to be released from Louisiana State Penitentiary on the ground that LSA–R.S. 40:962 was unconstitutional relying on Robinson v. State of California, supra. The Louisiana Supreme Court, after examining in detail the *Robinson* decision, together with the Louisiana and California drug addiction statutes, held that the Louisiana statute making it unlawful "to be or become" a drug addict was not unconstitutional. Because of the difference between the California statute and the Louisiana statute, the Louisiana Supreme Court held in *Blouin* that the *Robinson* decision was not applicable to the Louisiana statute. The United States Supreme Court agreed, and on January 13, 1964, denied certiorari. Watkins v. Walker, 375 U.S. 988, 84 S.Ct. 521, 11 L.Ed.2d 474.

In both the *Blouin* case and this case, the petitioners were convicted of drug addiction, were given suspended sentences on condition that they go to a hospital for medical relief, and after violating their probation, were sentenced to serve time in the Louisiana State Penitentiary. It is thus settled that the Louisiana statute here in question does not do violence to the Eighth Amendment to the United States Constitution, and hence petitioner's application for the issuance of a writ of habeas corpus must be denied.