Steve **BRUNO**

v.

**STATE OF LOUISIANA.**

**Misc. A. No. 1661.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Sept. 14, 1970.

---

John C. Ciolino, New Orleans, La., for plaintiff.

John P. Volz, Asst. Dist. Atty., New Orleans, La., for defendant.

HEEBE, District Judge:

On September 22, 1959, petitioner, Steve Bruno, pled guilty to two charges of violating L.R.S. 40:962 and 40:961 [1] by unlawfully and habitually using, on two separate occasions, a narcotic drug (dilaudid) to such extent as to create a tolerance for said drug. Petitioner was sentenced to two ten-year consecutive terms in the state penitentiary at hard labor. Both sentences were suspended and petitioner was placed on probation for five years on condition that he enter a hospital until cured.

On July 30, 1963, a warrant was issued for petitioner's arrest for failing to report to his probation officer. Upon learning of petitioner's conviction for burglary in Mississippi, a detainer was placed on petitioner pursuant to which petitioner was subsequently returned to Louisiana. On January 4, 1966, the trial judge, after an appropriate hearing, revoked the suspension of the two sentences and made them executory. Petitioner, who is presently serving these sentences, has petitioned for this writ to test the constitutionality of his incarceration.

Petitioner's main contention is that his convictions for the use of narcotics are repugnant to the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution as interpreted by the United States Supreme Court in Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). That case established that a state statute which imprisons a person as a criminal for having the status of an addict is a cruel and unusual punishment in violation of the Constitution. The California statute was not one, the court stressed, which "punishes a person for the use of narcotics, for their purchase, sale or possession, or for antisocial or disorderly behavior resulting from their administration." *Id.* at 666, 82 S.Ct. at 1420.

Petitioner contends that the Louisiana statutes under which he was convicted are similarly infirm. However, in State ex rel. Blovin v. Walker, 244 La. 699, 154 So.2d 368 (1963), the Louisiana Supreme Court construed these statutes as "penaliz[ing] not the status or condition of addiction but rather the habitual use of narcotics leading to such status," thereby finding them constitutional under the *Robinson* test. *Id.*, at 371. This interpretation was recently reaffirmed by the same court in petitioner's appeal from his conviction, State v. Bruno, 253 La. 669, 219 So.2d 490 (1969). See also, State of Louisiana ex

[1]. Section 962, subd. A states "It is unlawful for any person to manufacture, possess, have under his control, sell, give, deliver, transport, prescribe, administer, dispense or compound any narcotic drug, except as provided in this Sub-part, or to be or become an addict as defined in R.S. 40:961."

Section 961(1) states "'Addict' means a person who habitually uses one or more of the narcotic drugs defined in this Section to such an extent as to create a tolerance for such drug, or drugs, and who does not have a medical need for the use of such drug, or drugs."

rel. Hayes v. Allgood, 254 F.Supp. 913 (E.D.La.1966).

■ Although this Court will not defer to state law where an individual's federally protected rights are violated, we do not feel that the construction placed on these statutes by the highest courts of Louisiana violates petitioner's constitutional rights.[2] Gueldner v. Heyd, 311 F.Supp. 1168 (E.D.La.1970), and cases cited therein. Accordingly, we find petitioner's conviction not repugnant to the Constitution and must dismiss this petition.

It is so ordered.

---

2. This construction seems in accord with the apparently narrow reading recently given *Robinson* by the United States Supreme Court in Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968). *Compare* Mr. Justice Marshall at 533, 88 S.Ct. 2145, *and* Mr. Justice Black at 545, 88 S.Ct. 2145, *with* Mr. Justice Fortas at 567, 88 S.Ct. 2145.